Per Curiam.

In the enactment of subdivision 8 of the above-quoted section, the General Assembly clearly intended to divide an estate between the two sides of a family only so long as there were surviving maternal or paternal grandparents or their lineal descendants; that, where there were no grandparents or their lineal descendants on one side, the one-half should go to the surviving grandparents or their lineal descendants on the other side; and that the next of kin should inherit only where there were no surviving grandparents or their lineal descendants on either side.
In the instant case, neither half passed under subdivision 7 of the section, since decedent had no grandparent living at the time of his death.
Under subdivision 8 of the section, since there were “no maternal grandparents, then such one-half [the one-half that would have gone under subdivision 7 to maternal grandparents, would pass] to the lineal descendants * * * of such deceased grandparents [the two uncles and an aunt who were the lineal descendants of the deceased maternal grandparents, appellants herein].”
As to the one-half that would have gone under subdivision *262 7 to the paternal grandparents, since there were no “lineal descendants” of snch paternal grandparents to take, it is necessary, with regard to that half, to consider that part of subdivision 8 after the first semicolon. There being “no such lineal descendants [of the paternal grandparents], then [the one-half would go] to the surviving grandparent or grandparents [at this point there must be a crossover — since there were no paternal grandparents, “grandparents” could describe only maternal grandparents] or their lineal descendants.” This must mean lineal descendants of maternal grandparents.
Subdivision.8 provided further, “if there be no surviving grandparents or their lineal descendants, then to the next of kin of the intestate.” Since there were lineal descendants of grandparents, i. e., of the maternal grandparents, the provision for “next of kin of the intestate” cannot operate.
The judgment of the Court of Appeals is reversed and the judgment of the Probate Court is affirmed.

Judgment reversed.

Weygandt, C. J., Matthias, Hart, Zimmerman, Stewart, Bell and Taet, JJ., concur.